UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

DONNA L. O'ROURKE            :
                             :
     v.                      :     C.A. No. 12-559S
                             :
BAYSTATE FINANCIAL           :
SERVICES, et al.             :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

On July 31, 2012, Plaintiff Donna L. O'Rourke filed a pro se Complaint alleging that her former employer, Baystate Financial Services ("Baystate"), terminated her employment while she was out on disability leave in violation of the Americans with Disabilities Act of 1990. (Document No. 1).[1] On August 21, 2013, Baystate moved to dismiss Plaintiff's Complaint for several reasons including untimely and insufficient service of process and Plaintiff's failure to file the action within ninety days of receipt of her Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC") as required by 42 U.S.C. § 2000e-5(f)(1). (Document No. 10). Baystate's Motion to Dismiss has been referred to me for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

By Local Rule of this Court (LR Cv 7(b)(1)), Plaintiff's Objection to Baystate's Motion to Dismiss was due by September 9, 2013. On August 26, 2013, Plaintiff personally appeared before me for a scheduling conference held on the record pursuant to Rule 16, Fed. R. Civ. P. At that conference, Baystate's Motion to Dismiss was specifically discussed, and Plaintiff was advised that

---

[1] Plaintiff also sues three individuals who formerly worked for Baystate.

she was obligated to respond to Baystate's Motion by September 9, 2013. In particular, I informed Plaintiff that she needed to either move for an extension of time to respond or respond to the Motion by that date, or she ran the risk that the Motion to Dismiss could be summarily granted by the Court. Plaintiff was also generally advised of her obligation to familiarize herself with, and to follow, both the Federal Rules of Civil Procedure and this Court's Local Rules.

Despite this direction and specific notice of the September 9, 2013 deadline, Plaintiff has not filed any Objection to Baystate's Motion to Dismiss,[2] and thus it is unopposed and may be granted on that basis. However, in deference to Plaintiff's pro se status, I have reviewed Baystate's unopposed Motion and, in particular, find merit in its argument that Plaintiff's suit is time-barred because it reasonably appears that she did not file suit, as requested, within ninety days of her presumed receipt of a Notice of Right to Sue from the EEOC. Plaintiff attached a copy of the Notice to her Complaint, and it is addressed to her at her mailing address of record in this case and contains a "date mailed" of November 15, 2011 (over eight months prior to the filing of the instant Complaint). (Document No. 1-19 at p. 1). In her unsworn Complaint, Plaintiff claims that she called the EEOC on May 1, 2012 to request an update on her case and was "notified that the case was closed on November 15, 2011." (Document No. 1 at p. 7). She also indicates that she "notified EEOC that she had not received any correspondence and EEOC stated that a letter would be sent immediately." Id.[3] Plaintiff attached a copy of an EEOC envelope post-marked May 4, 2012 which presumably transmitted a copy of the Notice to her after her May 1, 2012 inquiry. (Document No. 1-19 at p. 3).

---

[2] Plaintiff has also not moved for an extension of time to respond to Baystate's Motion to Dismiss.

[3] Plaintiff also asserts that she asked the EEOC for an extension of time to file suit but provides no other factual support for this assertion or legal support for the position that the EEOC has the authority to grant such an extension.

Here, it is undisputed that the original Notice of Right to Sue is properly addressed to Plaintiff's residence and that it contains a mailing date of November 15, 2011. The "mailbox rule" creates a presumption that "a right-to-sue letter arrives three days after its mailing...[and] that a government agency has mailed a notice on the date shown on the notice." Hill v. Rayboy-Brauestein, 467 F. Supp. 2d 336, 371 (S.D.N.Y. 2006); see also Turner v. Dep't of Educ. Hawaii, 855 F. Supp. 2d 1155, 1166 (D. Ha. 2012). However, the presumption is rebuttable and may be overcome by "admissible evidence or sworn testimony from which it may be reasonably inferred that notice was mailed at a later date or did not arrive." Id.  Plaintiff ultimately bears the burden of establishing that she filed this suit in a timely fashion. Darden v. Cardinal Travel Ctr., 493 F. Supp. 2d 773, 776 (W.D. Va. 2007).

Since Plaintiff has not opposed Baystate's Motion, she has not presented any "admissible evidence or sworn testimony" which might rebut the presumption of receipt created by the mailbox rule.  Further, even accepting the unsworn allegations in Plaintiff's Complaint as true as required in considering a Motion under Fed. R. Civ. P. 12(b)(6), Plaintiff never definitively states in her Complaint that she did not receive the Notice mailed to her residence on November 15, 2011. Rather, she indicates that she called on May 1, 2012 and "notified EEOC that she had not received any correspondence" from it.  In other words, she asserts in her Complaint that she told the EEOC that she did not receive the Notice but does not actually assert that she did not receive it.  Despite clear notice of the issue and her obligation to respond to Baystate's Motion by September 9, 2013, Plaintiff has failed to respond to the Motion in any way and has not offered a sworn statement or other evidence directly rebutting the presumption of timely receipt created by the mailbox rule.

**Conclusion**

For the foregoing reasons, I recommend that Baystate's unopposed Motion to Dismiss (Document No. 10) be GRANTED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
October 15, 2013