UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
DONNA L. O'ROURKE,                 )
                                   )
            Plaintiff,             )
                                   )
     v.                            )   C.A. No. 12-559 S
                                   )
BAYSTATE FINANCIAL SERVICES;       )
DAVID WEINBERG; ROBERT REBUSSINI;  )
and KEVIN McGRADY,                 )
                                   )
            Defendants.            )
_____)

# ORDER

WILLIAM E. SMITH, Chief Judge.

This matter is before the Court on two motions. First, Plaintiff Donna L. O'Rourke ("Plaintiff" or "O'Rourke") has filed an objection (ECF No. 21) to the Report and Recommendation ("R&R") of Magistrate Judge Lincoln D. Almond (ECF No. 19). The R&R recommended dismissal of O'Rourke's claim against Defendant Baystate Financial Services ("Baystate").  Second, Defendants David Weinberg, Robert Rebussini and Kevin McGrady (collectively the "Individual Defendants") have moved for judgment on the pleadings with respect to O'Rourke's claims against them (ECF No. 27).  For the reasons set forth below, Plaintiff's objections to the R&R are OVERRULED, the R&R is ADOPTED, and the motion for judgment on the pleadings is GRANTED.

This Court reviews Plaintiff's objection to the R&R de novo. See Fed. R. Civ. P. 72(b)(3). In recommending dismissal of her claims, Magistrate Judge Almond found a litany of deficiencies in O'Rourke's Complaint against Baystate. O'Rourke's objection focuses on only one of these failings – whether she filed her lawsuit within 90 days of receiving a right to sue letter from the Equal Employment Opportunity Commission. Even if the Court were to accept (which it does not) the argument made by O'Rourke in her objection, and find that she did in fact file her lawsuit within 90 days of receiving a right to sue letter, several independent reasons remain for dismissing Plaintiff's claims against Baystate. For instance, Plaintiff failed to serve Baystate with process in the time required under Rule 4(m) of the Federal Rules of Civil Procedure and completely failed to respond to Baystate's motion to dismiss. Because this Court agrees with the analysis and the recommendation set forth in the R&R, it hereby adopts it pursuant to 28 U.S.C. § 636(b)(1).

A motion for judgment on the pleadings may be granted where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988). O'Rourke brought this lawsuit under Title VII, which does not permit individual liability. See Fantini v. Salem

2

State Coll., 557 F.3d 22, 28 (1st Cir. 2009). Yet, individual liability is precisely what O'Rourke seeks. Therefore, O'Rourke's claims against the Individual Defendants are barred as a matter of law.[1]

For the foregoing reasons, Plaintiff's objections to the R&R are OVERRULED, and the R&R is ADOPTED. The Individual Defendants' motion for judgment on the pleadings is GRANTED.

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
Chief Judge
Date:  February 20, 2014

---

[1] O'Rourke also failed to properly serve the Individual Defendants with process within the requisite time period provided under Fed. R. Civ. P. 4(m).